Jerry L. Steering (SBN 122509)
Brenton Whitney Aitken Hands (SBN 308601)
LAW OFFICES OF JERRY STEERING
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for plaintiffs Amy N. Barnett, individually and as guardian ad litem for
her minor child A.M.B.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY N. BARNETT, individually and as guardian ad litem for her minor child A.M.B.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF PALM SPRINGS, MICHAEL DELANEY and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. § 1983); CLAIM FOR UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND 4); CLAIM FOR EXCESSIVE / UNREASONABLE FORCE UPON PERSON (U.S. CONST. AMEND 4); *MONELL* CLAIM FOR FAILURE TO TRAIN; CLAIM FOR VIOLATION OF FIRST AMENDMENT; UNREASONABLE SEARCH and SEIZURE OF PERSONAL PROPERTY (U.S. CONST. AMEND 4); CALIFORNIA STATE LAW CLAIMS FOR VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1); FALSE ARREST / FALSE IMPRISONMENT; BATTERY; ASSAULT; CONVERSION and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and |

NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff Amy N. Barnett, individually and as guardian ad litem for her minor child, plaintiff A.M.B., and shows this honorable court the following:

<u>**JURISDICTIONAL ALLEGATIONS**</u>

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiffs' California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiffs Amy N. Barnett, individually and as guardian ad litem for her minor child, plaintiff A.M.B., timely filed their Claims for Damages against the City of Palm Springs on March 5, 2021, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq. Said claim as to minor plaintiff A.M.B. was been rejected by defendant City of Palm Springs on May 18, 2021. Said claim as to plaintiff Amy N. Barnett was rejected by operation of law by defendant City of Palm Springs on April 19, 2021.

<u>**GENERAL ALLEGATIONS**</u>

5.      Plaintiff Amy N. Barnett, hereinafter referred to as "BARNETT"

and/or "plaintiff" and/or "Amy Barnett" is a natural person, who, at all times complained of in this action, resided in the State of California.

6.     Minor plaintiff A.M.B., hereinafter referred to as "A.M.B." and/or "plaintiff" is a natural person, who, at all times complained of in this action, resided in the State of California, whose date of birth is January 14, 2015. At all times complained of herein, A.M.B. is the legal and natural daughter of her mother; plaintiff's guardian ad litem Amy Barnett.

7.     Defendant City of Palm Springs, hereinafter also referred to as "Palm Springs" or "CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

8.     Defendant Michael Delaney, hereinafter referred to as "DELANEY", is a sworn police officer with the Palm Springs Police Department, who, at all times complained of in this action was acting as an individual person under the color of state law, and was acting in the course of and within the scope of his employment with the Palm Springs Police Department and defendant City of Palm Springs.

9.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant City of Palm Springs and/or with some other public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

10.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers

and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers and/or public officers, employed by defendant City of Palm Springs and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant City of Palm Springs.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the City of Palm Springs and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the City of Palm Springs and/or with some other public entity, for: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully arresting persons for a violation of a court order without making any determination that any such court order exists; 4) for unlawfully seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers, public officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to

free speech; 9) for covering-up unlawful and tortious conduct by City of Palm Springs personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

12.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

13.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as Police Officers and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the City of Palm Springs and/or with some other public entity, and/or some other public official(s) with the City of Palm Springs and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant the City of Palm Springs.

14.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with defendant City of Palm Springs.

15.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the City of Palm Springs and/or with some other public entity, for, inter alia: 1) for wrongfully arresting persons; 2) for using excessive / unreasonable force on persons; 3) for unlawfully arresting persons for a violation of a court order without making any determination that any such court order exists; 4) for

unlawfully seizing persons; 5) for unlawful searching and seizing persons and their personalty / property; 6) for falsely arresting and falsely imprisoning persons; 7) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for covering-up unlawful and tortious conduct by the City of Palm Springs and/or with some other public entity personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

16.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff Amy Barnett of her federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive plaintiff Amy Barnett of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff Amy Barnett's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON UNDER**
**FOURTH AMENDMENT TO UNITED STATES CONSTITUTION**
**[Violation of 42 U.S.C. § 1983]**
**(By plaintiff AMY BARNETT, individually, against defendants DELANEY**
**and DOES 1 to 3 and 7 and 8, inclusive)**

COMPLAINT FOR DAMAGES

18.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    On September 5, 2020, plaintiff BARNETT called the non-emergency phone number to the Palm Springs Police Department to request police assistance with a peaceful exchange of custody of her five-year old daughter, minor child plaintiff A.M.B., to her estranged husband, Christopher Michael Barnett.

20.    When Palm Springs Police Department police officer DELANEY and his partner(s), DOE 1 and/or DOE 2, arrived, said police officers wrongfully told the plaintiff BARNETT that a temporary restraining order existed that enjoined the plaintiff from being present at her own home—something that was not true, as the Temporary Restraining Order that did issue specifically denied Petitioner Christopher Michael Barnett's request for exclusive use of his and the plaintiffs' residence.  Throughout the course of the subject incident, plaintiff verbally protested to defendants DELANEY and DOE 1 and/or DOE 2 that no such court order existed.

21.    Plaintiff knew from the Riverside County Superior Court's order[1] by Riverside County Superior Court Judge Mickie E. Reed that was served upon her clearly stated that the facts stated by Christopher Michael Barnett in his request for a restraining order "did not rise to stay away or move out" of plaintiff BARNETT's home.

22.    Said defendants DELANEY and/or DOE 1 and/or DOE 2 then went into plaintiff's home, presumably to speak with plaintiff's estranged husband, and returned to plaintiff's car and told her to open the car door because she was under arrest, which plaintiff refused to do.

23.    Said defendants DELANEY and/or DOE 1 and/or DOE 2 again

_____

[1] Said court order bearing Riverside County Superior Court Case No. DVIN2002191.

ordered plaintiff BARNETT to open her car door, and she again refused, before DELANEY and/or DOE 1 and/or DOE 2 reached inside plaintiff's car window and unlocked the door and opened it. At that moment, plaintiff BARNETT was reaching for her phone to record the subject incident and was again told by DELANEY and/or DOE 1 and/or DOE 2 that she was under arrest for violation of a (the) court order.

24.     Said defendants DELANEY and/or DOE 1 and/or DOE 2 then proceeded to forcefully unbuckle plaintiff BARNETT's seat belt and pull her out of her car with great, excessive and unreasonable force, causing her injuries (substantial bruising) and handcuffed plaintiff in front of her five-year old daughter, minor plaintiff A.M.B., who was emotionally traumatized by witnessing plaintiff's false arrest.

25.     In addition to using excessive force in removing plaintiff BARNETT from her car, said defendants DELANEY and/or DOE 1 and/or DOE 2 cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to her wrists. Said use of excessive force by defendants DELANEY and/or DOE 1 and/or DOE 2 was not justified, and caused physical injuries to plaintiff's arms, wrists, and legs.

26.     Plaintiff BARNETT was then forcefully thrown into the back of a Palm Springs Police Department patrol car by defendants DELANEY and/or DOE 1 and/or DOE 2 as plaintiff's estranged husband then snatched plaintiff's daughter, minor plaintiff A.M.B., from the back of plaintiff's car, as plaintiff's daughter was flailing her arms and legs screaming for her mother.

27.     Defendants DELANEY and/or DOE 1 and/or DOE 2 then unlawfully searched plaintiff BARNETT's car before locking it. Defendants DELANEY and/or DOE 1 and/or DOE 2 asked plaintiff if she was going to give the keys to the car to her husband and she said "no". Defendants DELANEY and/or DOE 1 and/or DOE 2 then told the plaintiff that if she did not give her keys to her car to

her husband, that her car would be towed.

28.   Hence, defendants DELANEY and DOES 1 through 10, inclusive, were acting under the color of state law, and were acting in a joint, concerted and conspiratorial action to also[2] deprive plaintiff BARNETT of her property in violation of the Fourth Amendment to the United States Constitution.

29.   Moreover, the actions of defendants DELANEY and DOES 1 through 10, inclusive, constituted a violation of plaintiff BARNETT's rights under the Fourth Amendment to the United States Constitution to be free from unlawful and unreasonable search and seizure of her personal property.

30.   Thereafter, plaintiff BARNETT was then transported to the Palm Springs Police Department police station by defendants DELANEY and/or DOE 1 and/or DOE 2. Defendants DELANEY and/or DOE 1 and/or DOE 2 then went inside the police station building, leaving plaintiff in the back seat of the patrol car.

31.   Defendants DELANEY and/or DOE 1 and/or DOE 2 then returned to the patrol car with a supervisory officer, DOE 7 and/or DOE 8.[3]

32.   Plaintiff BARNETT was told by the supervisory officer, DOE 7 and/or DOE 8, that there had been a mistake and plaintiff BARNETT was not under arrest, and that they would transport plaintiff back to her car.

33.   Plaintiff BARNETT was then pulled from the patrol car by defendants DELANEY and/or DOE 1 and/or DOE 2, and was released from the handcuffs from her wrists.

34.   Plaintiff BARNETT told the supervisory officer, DOE 7 and/or DOE 8, that defendant DELANEY and/or DOE 1 and/or DOE 2 told plaintiff that her

---

[2] That is, in addition to the use of unreasonable / excessive force upon plaintiff AMY BARNETT.

[3] Plaintiff BARNETT believes that the supervisory officer may have been Sergeant Kyle Stjerne and/or DOE 7 and/or DOE 8.

car would be towed, and the supervisory officer, DOE 7 and/or DOE 8, told plaintiff that DELANEY and/or DOE 1 and/or DOE 2 had called him on the way to the police station and the supervisory officer, DOE 7 and/or DOE 8, told DELANEY and/or DOE 1 and/or DOE 2 that plaintiff's car was legally parked and would not be towed.

35.    Plaintiff BARNETT then asked the supervisory officer, DOE 7 and/or DOE 8, to have DELANEY and/or DOE 1 and/or DOE 2 to personally admit that he was wrong and personally apologize to plaintiff's face. The supervisory officer, DOE 7 and/or DOE 8, then told plaintiff he would do that "if that would help [plaintiff] move forward."

36.    DELANEY and/or DOE 1 and/or DOE 2 then came out and admitted to plaintiff BARNETT that he was wrong. Plaintiff still had to ask DELANEY and/or DOE 1 and/or DOE 2 to apologize, and he did so disingenuously.

37.    Plaintiff BARNETT was then driven in the back of the patrol car back to the scene of the subject incident, and was released from custody.

38.    The actions of defendants DELANEY and DOES 1 through 7, inclusive, as complained above herein, constituted, *inter alia*, a violation of plaintiff AMY BARNETT's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure her person, in the absence of a warrant or probable cause to believe that she

39.    As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, 2) incurred attorney's fees and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

40.    The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## SECOND CAUSE OF ACTION
### USE OF UNREASONABLE FORCE ON PERSON UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### [Violation of 42 U.S.C. § 1983]
### (By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY and DOES 1 to 3 and 7 and 8, inclusive)

41.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.     As shown above, defendants DELANEY and/or DOE 1 and/or DOE 2 forcefully unbuckled plaintiff BARNETT's seat belt and pulled her out of her car with great and excessive force, causing her injuries (substantial bruising) and handcuffed plaintiff in front of her five-year old daughter, minor plaintiff A.M.B., who was emotionally traumatized by witnessing plaintiff's false arrest. Said defendants had no right to have used any force at all upon plaintiff AMY BARNETT.

43.     Moreover, as shown above, in addition to using excessive force in removing plaintiff BARNETT from her car, said defendants DELANEY and/or DOE 1 and/or DOE 2 knowingly and deliberately cinched the handcuffs down excessively tight on plaintiff BARNETT, causing plaintiff excruciating pain to her wrists.

44.     Furthermore, as shown above, said use of excessive force by defendants DELANEY and/or DOE 1 and/or DOE 2 was not justified, as said defendants had no right to have touched the plaintiff at all, and said use of force

upon plaintiff AMY BARNETT caused physical injuries to plaintiff's arms, wrists, and legs.

45.     The actions of defendants DELANEY and DOES 1 through 7, inclusive, as complained above herein, constituted a violation of plaintiff BARNETT's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

46.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

47.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## THIRD CAUSE OF ACTION
### [Violation of 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On
### Failure To Train
### (By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY and DOES 1 to 3 and 7 and 8, inclusive)

48.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 47 inclusive, above, as if set forth in full herein.

49.     As shown above, when defendants DELANEY and DOES 1 through 10, inclusive, deprived plaintiff BARNETT of her particular rights under the United States Constitution, they were acting under the color of state law.

50.     The training policies of defendants CITY and DOES 7 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace officers, to wit; defendants CITY and DOES 7 through 10, inclusive, failed to train its police officers that they have no right to detain or arrest another for violation of a restraining order, unless they read the actual court order and see that it prohibits the conduct that they may detain or arrest another for doing.

51.     Defendants CITY and DOES 7 through 10, inclusive, knew that their police officers would be dispatched and would otherwise have to deal with restraining order calls, yet they failed to properly train police officers and other sworn peace officer personnel adequately; and

52.     The failure of defendants CITY and DOES 7 through 10, inclusive, to provide adequate training caused the deprivation of plaintiff's rights by the defendants DELANEY, DOE 1 and/or DOE 2, CITY and DOES 7 through 10, inclusive; that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

53.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF RIGHT TO FREE SPEECH / PETITION TO REDRESS**
**UNDER THE FIRST AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
**[Violation of 42 U.S.C. § 1983]**
**(By plaintiff Amy Barnett, individually, against defendants DELANEY and**
**DOES 1 to 3 and 7 and 8, inclusive)**

54.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55.     As shown above, throughout the course of the subject incident, plaintiff BARNETT verbally protested to defendants DELANEY and DOES 1 through 3, inclusive that there was not any court order which would have enjoined plaintiff from being at her home.

56.     Furthermore, defendants DELANEY and DOES 1 through 3, inclusive, should have known that there was no court order enjoining plaintiff BARNETT from her home.

57.     Moreover, in response to and in retaliation for plaintiff BARNETT verbally protesting her being ordered out of her car, defendants DELANEY and DOES 1 through 3, inclusive, forcefully unbuckled plaintiff BARNETT's seat belt and pulled her out of her car with great and excessive force, causing her injuries (substantial bruising) and handcuffed plaintiff in front of her five-year old daughter, minor plaintiff A.M.B., who was emotionally traumatized by witnessing plaintiff's false arrest.

58.     Moreover, as shown above, in addition to using excessive force in removing plaintiff BARNETT from her car, said defendants DELANEY and/or DOE 1 and/or DOE 2 cinched the handcuffs down excessively tight, causing plaintiff excruciating pain to her wrists—all in retaliation for plaintiff's verbal protests.

59.     Moreover, defendants DELANEY's and DOES 1's through 3's, inclusive, violent and brutal actions taken by them against plaintiff BARNETT

COMPLAINT FOR DAMAGES
14

would chill a person of ordinary firmness from continuing to engage in the protected activity; and

60.    Plaintiff BARNETTs protected activity (verbal protest of her being ordered out of her car and being grabbed, handcuffed and taken to the patrol car) was a substantial or motivating factor in the defendant DELANEY and DOES 1 through 3, inclusive; to wit: a substantial or motivating factor in the decision of defendants DELANEY and DOES 1 through 3, inclusive, in unlawfully arresting plaintiff BARNETT.

61.    As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

62.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION
### UNREASONABLE SEARCH and SEIZURE OF PERSONAL PROPERTY UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### [Violation of 42 U.S.C. § 1983]
### (By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY and DOES 1 to 3 and 7 and 8, inclusive)

63.    Plaintiffs hereby reallege and incorporate by reference the allegations

set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64.     As shown above, defendants DELANEY and/or DOE 1 and/or DOE 2 unlawfully searched plaintiff BARNETT's car before locking it. Defendants DELANEY and/or DOE 1 and/or DOE 2 asked plaintiff if she was going to give the keys to the car to her husband and she said no. Defendants DELANEY and/or DOE 1 and/or DOE 2 then told the plaintiff that if she did not give her keys to her car to her husband, the car would be towed.

65.     Hence, plaintiff BARNETT was forced by defendants DELANEY and/or DOE 1 and/or DOE 2 to relinquish possession of her vehicle after it was unlawfully searched by said defendants, constituting an unlawful seizure of her personal property.

66.     The actions of defendants DELANEY and DOES 1 through 10, inclusive, as complained above herein, constituted a violation of plaintiff BARNETT's rights under the Fourth Amendment to the United States Constitution to be free from unlawful and unreasonable search and seizure of her personal property.

67.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

68.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $3,000,000.00.

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY,**
**CITY and DOES 1 to 3 and 7 and 8, inclusive)**

69.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70.   As shown above, defendants DELANEY and DOES 1 through 3, inclusive, used unlawful and excessive force upon plaintiff BARNETT without a warrant nor probable cause, nor even a reasonable suspicion of criminality afoot of the plaintiff.

71.   Said actual use of violence against the plaintiff BARNETT by said defendants DELANEY and DOES 1 through 3, inclusive, caused physical injury to BARNETT, and constituted the actual use of violence against the plaintiff BARNETT in order to deter and prevent her from exercising his constitutional right to be free from the use of excessive force upon his person.

72.   Moreover, as shown above, said defendants DELANEY and DOES 1 through 3, inclusive, used unlawful and unreasonable force upon the plaintiff DELANEY; said use of unreasonable force in itself being a violation of Section 52.1.

73.   Said defendants DELANEY and DOES 1 through 3, inclusive, interfered with, and/or attempted to interfere with, by use of actual violence, the exercise or enjoyment by the plaintiff BARNETT of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

74.   Said defendants CITY, DELANEY and DOES 1 through 3, inclusive, are liable to the plaintiff BARNETT for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

75.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

76.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

77.     In addition, as a result of the actions of said defendants in violation of the plaintiff's rights under Cal. Civil Code § 52.1, plaintiff BARNETT is entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

### SEVENTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY, CITY and DOES 1 to 3 and 7 and 8, inclusive)

78.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 77, inclusive, above, as if set forth in full herein.

79.     As complained of above, the plaintiff BARNETT was unlawfully seized and arrested by defendants DELANEY and DOES 1 through 3, inclusive, on September 5, 2020.

80.     As complained of above, said defendants DELANEY and DOES 1 through 3, inclusive: (1) had neither a warrant nor probable cause to believe that plaintiff BARNETT had committed a crime, nor reasonable suspicion of

criminality afoot about the plaintiff; (2) The plaintiff BARNETT was actually harmed by said conduct of defendants DELANEY and DOES 1 through 3, inclusive; and (3) the conduct of defendants DELANEY and DOES 1 through 3, inclusive was substantial factor in causing the plaintiff harm.

81.     Defendants CITY, DELANEY and DOES 1 through 3, inclusive, are liable to the plaintiff for her false arrest / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

82.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

83.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

### EIGHTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY, CITY and DOES 1 to 3 and 7 and 8, inclusive)**

84.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 83, inclusive, above, as if set forth in full herein.

85.     The actions committed by defendants DELANEY and DOES 1 through 3, inclusive, above-described, constituted unjustified non-consensual use

of unlawful force and violence upon the plaintiff BARNETT, and constituted a battery of her by defendants DELANEY and DOES 1 through 3, inclusive, under California state law.

86.    Defendants CITY, DELANEY and DOES 1 through 3, inclusive, and each of them, are liable to the plaintiff BARNETT for said batteries of her, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

87.    As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

88.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## NINTH CAUSE OF ACTION
### Assault
### Under California State Law
**(By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY, CITY and DOES 1 to 3 and 7 and 8, inclusive)**

89.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90.    The actions committed by defendants DELANEY and DOES 1 through 3, inclusive, above-described, constituted an assault of the plaintiff BARNETT under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants DELANEY and DOES 1 through 3, inclusive.

91.     Defendants CITY, DELANEY and DOES 1 through 3, inclusive, are liable to under California state law for said assaults of the plaintiff BARNETT, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

92.     As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, 2) incurred attorney's fees and expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

93.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY in an amount to be proven at trial, in excess of $3,000,000.00.

## TENTH CAUSE OF ACTION
### CONVERSION / TRESPASS TO CHATTELS UNDER CALIFORNIA STATE LAW
**(By Plaintiff AMY BARNETT, individually, Against Defendants DELANEY, CITY and DOES 1 to 3 and 7 and 8, inclusive)**

94.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 95, inclusive, above, as though set forth in full herein.

95.     Plaintiff BARNETT owned and possessed the vehicle identified hereinabove and at all times mentioned herein.

96.     Said defendants DELANEY and DOES 1 through 3, inclusive, intentionally and substantially interfered with BARNETT's use of her property by

taking possession of plaintiff's vehicle.

97.   Plaintiff BARNETT did not consent to said defendants, and each of them, to the taking of her vehicle.

98.   Plaintiff BARNETT was harmed by the taking of her vehicle.

99.   Defendants CITY, DELANEY and DOES 1 through 3, inclusive, are liable to under California state law for said conversion / trespass to chattel of the plaintiff BARNETT pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

100.   Said defendants' conduct, and each of them, was a substantial factor in causing plaintiff's harm.

101.   As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

102.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

### ELEVENTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress
Under California State Law
(By Plaintiff BARNETT and Minor Plaintiff A.M.B. Against Defendants
DELANEY, CITY and DOES 1 to 3 and 7 and 8, inclusive)**

103.   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 102, inclusive, above, as if set forth in full herein.

104.   Defendants DELANEY and DOES 1 through 3, inclusive, and each of them, knew and/or should have known that plaintiff BARNETT and minor plaintiff A.M.B. were susceptible to suffering severe emotional distress from the actions taken and committed against plaintiff BARNETT and minor plaintiff A.M.B. as complained of above and herein.

105.   Moreover, the conduct of said defendants, for all of the incidents complained of herein, were outrageous and not the type of conduct condoned in a civilized society.

106.   Defendants CITY, DELANEY and DOES 1 through 3, inclusive, are liable to under California state law for said intentional inflictions of emotional distress of the plaintiff BARNETT and minor plaintiff A.M.B., pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

107.   As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, plaintiff BARNETT and minor plaintiff A.M.B. were: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

108.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BARNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

## TENTH CAUSE OF ACTION
**Negligent Infliction Of Emotional Distress (*Dillon v. Legg* Claim)
Under California State Law
(By Minor Plaintiff A.M.B., individually Against Defendants DELANEY,
CITY and DOES 1 to 3 and 7 and 8, inclusive)**

109.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 108, inclusive, above, as if set forth in full herein.

110.    As shown above, minor plaintiff A.M.B. had a sensory awareness of her mother being falsely arrested and brutalized by defendants DELANEY and DOES 1 through 3, inclusive. Said plaintiff specifically saw and heard her mother being subjected to her false arrest and to the use of unreasonable force upon her by defendants DELANEY and DOES 1 through 3, inclusive, and she suffered severe emotional distress therefrom.

111.    As shown above, as a result of the plaintiff being aware of mistreatment by defendants DELANEY and DOES 1 through 3, inclusive, above-referenced, said plaintiff suffered severe emotional distress therefrom. Plaintiff witnessed her mother being arrested and violently pulled form her mother's car and handcuffed by said defendants, as discussed above, during the September 5, 2020 incident complained of above and below, being subjected to unreasonable force by defendants DELANEY and DOES 1 through 3, inclusive, and suffered severe emotional distress therefrom.

112.    As a direct and proximate result of the actions of defendants DELANEY and DOES 1 through 10, inclusive, minor plaintiff A.M.B. was: 1) substantially physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and suffered great physical, mental and emotional pain, suffering and distress, and medical expenses, and 3) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

113.    The actions of said defendants, and each of them, as complained of

herein, were committed maliciously, oppressively and in reckless disregard of minor plaintiff A.M.B.'s constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $3,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a)   For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)   For a judgment against all defendants for punitive damages in an amount in excess of $3,000,000.00;

c)   For an award of reasonable attorney's fees and costs;

d)   For a trial by jury; and

e)   For such other and further relief as this honorable court deems just and equitable.

JERRY L. STEERING
Attorney for plaintiffs

COMPLAINT FOR DAMAGES
25